HEARD NOVEMBER TERM, 1872.

## GORDON vs. SUTTON GOLD MINING COMPANY.

A Circuit Judge has no power at Chambers to dissolve an attachment under a writ in foreign attachment sued out in 1867.

BEFORE THOMAS, J., AT CHAMBERS, CHESTER, JANUARY, 1870.

R. B. Gordon and six others, plaintiffs, sued out, in August, 1867, in York District, separate writs of foreign attachment against The Sutton Gold Mining Company, defendant, a corporation

chartered by the State of New York, and doing business in said District. Property, real and personal, of defendant was attached by the Sheriff of York under said writs. Declarations were filed, pleas put in by defendant, and the cases were on Calendar No. 1 for trial.

On January 11th, 1870, the defendant moved His Honor Judge Thomas, at Chambers, at Chester, for an order in each case " that the attachment be dissolved upon defendants' entering into bail to the action before the Clerk of the said Court."

The motions were granted, and the plaintiffs appealed on the ground, *inter alia :*

1. Because His Honor erred in hearing the motion at Chambers, notwithstanding the objection of plaintiffs.

*Clawson & Thompson,* for appellants.

*Smith,* contra.

Dec. 16, 1872. The opinion of the Court was delivered by

Moses, C. J. In these cases we propose to consider only the question raised by the first ground of appeal. The brief includes matters entirely disconnected with what we regard the single point we are called on to determine. Some incidental propositions are submitted, upon which the Court has passed in *Clawson* vs. *Sutton Gold Mining Co.,* (3 S. C.) The order from which the appeal in that case was taken dissolved the attachment. Here it was to " be dissolved upon defendant's entering into bail to the actions before the Clerk of the Court."

Prior to the case of *Williams* vs. *Haselden,* 10 Rich., 55, the practice in regard to dissolution of a writ of foreign attachment by entering special bail, founded as it was on the 18th Section of the Act of 1744, 3 Stat., 620, did not extend the right of the defendant beyond the expiration of the year and the day within which he was required to plead. That case, however, considered the proviso to Section 4 of the Act of 1785, 7 Stat., 214, " that all attachments should be replevisable by appearance and putting in special bail, if by the Court ruled to do so," as enlarging the power of the Court, and permitting a dissolution of the attachment at any time before the filing of the plea.

The dissolution depended on the order of the Court, if the bail had not been entered within the year and the day, and it is questionable, if it had been given within that period, whether the order of the Court would not even then have been required. Where, however, as in these cases, it was not given within the period fixed by the Act of 1774, the order of the Judge is indispensable.

In the case of Clawson, (already referred to) we held that the Circuit Judge had no power at Chambers to dissolve the attachment.

The conclusion there extends to the order so made by him here, and it necessarily follows that the appeal must be sustained, and the motion granted, and it is so ordered.

*Willard,* A. J., and *Wright,* A. J., concurred.